**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 18, 2013

LETTER TO COUNSEL:

    RE:   *Kim A. Faulcon v. Commissioner, Social Security Administration*;
             Civil No. SAG-11-2911

Dear Counsel:

    On October 12, 2011, the Plaintiff, Kim A. Faulcon, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 28). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Faulcon filed her initial claims on March 19, 2003 and July 20, 2005, alleging disability beginning on June 1, 2002. (Tr. 135-45). Her claims were denied initially on September 13, 2005, and on reconsideration on February 21, 2006. (Tr. 87-94, 96-99). After a hearing, an Administrative Law Judge ("ALJ") denied benefits, determining that Ms. Faulcon was not disabled on April 23, 2007. (Tr. 47-61). She filed subsequent claims for benefits on June 28, 2007. (Tr. 824-33). Those claims were denied initially on October, 29, 2007, and on reconsideration on February 1, 2008. (Tr. 725-29, 731-34). On November 19, 2009, this Court remanded Ms. Faulcon's case to the Commissioner. (Tr. 65-72). A hearing on the combined claims was held on February 22, 2011, before an ALJ. (Tr. 1068-87). Following this hearing, on March 11, 2011, the ALJ again determined that Ms. Faulcon was not disabled. (Tr. 24-39). The Appeals Council ("AC") assumed jurisdiction and issued a decision on September 20, 2011, in which it incorporated the ALJ's findings and added additional findings and conclusions. (Tr. 14-21). The AC's decision constitutes the final, reviewable decision of the agency. 20 C.F.R. §§ 404.984(b)(3); 416.1484(b)(3).

    By adopting the ALJ's findings, the AC found that Ms. Faulcon suffered from the severe impairments of borderline intellectual functioning, depression, and history of cerebral palsy. (Tr. 30). Despite these impairments, the ALJ determined that Ms. Faulcon retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.067(a) except she is limited to simple routine work; should avoid hazards, uneven ground, and

*Kim A. Faulcon v. Commissioner, Social Security Administration*
Civil No. SAG-11-2911
March 18, 2013
Page 2

heights; and should have limited contact with the public.

(Tr. 32). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Faulcon could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 38-39).

Ms. Faulcon presents two arguments on appeal: (1) that the ALJ failed to properly evaluate listing 12.05 at step three; and (2) that the ALJ failed to adequately weigh the conflicting medical evidence relating to her IQ testing. Each argument lacks merit.

Ms. Faulcon first contends that the ALJ did not adequately consider her school records in assessing whether she met or equaled listing 12.05. (Pl. Br. 4-6). The ALJ made no reference to the school records, despite asserting that "there is no evidence to demonstrate or support onset of the impairment with limitation in adaptive function before age 22." (Tr. 31). However, the relevant opinion of the Commissioner is the AC's opinion, which expressly addressed Ms. Faulcon's school records. (Tr. 18). Specifically, the AC stated:

> The claimant's school records show that she was in the Learning Resource Center (special education), but she did graduate from high school. (Exh. B8E). After graduation, she worked as a cashier in a department store and as a laborer in a poultry plant (Exh. B3E). The claimant had one Full Scale (FS) IQ score of 69 in 2007 (Exh. B26F), but her valid FSIQ in 2004 was 74 (Exh. B2F). The record as a whole demonstrates that the claimant functioned at a higher level than indicated by the one FSIQ score. In addition, although the claimant had one IQ score in the Listing 12.05C range, she did not demonstrate deficits in adaptive functioning needed to meet Listing 12.05C.

(Tr. 18). Assignment to special education classes, alone, does not establish deficits in adaptive functioning, particularly where, as here, a claimant succeeds in those classes. *See Milstead v. Astrue,* No. 5:12CV00004, 2012 WL 5285667 at *3 (W.D.Va. Oct. 23, 2012) (finding that a claimant did not meet the listing where, although she had attended special education classes, she had graduated from high school with a regular diploma and had performed semiskilled work since then); *Alston v. Astrue,* No. 5:11–CV–00161–D, 2012 WL 1555104, at *6 (E.D.N.C. Mar. 29, 2012) (noting that the Listing 12.05C criteria are not necessarily established where a claimant only completed the ninth grade, was in special education classes, and had IQ scores of 70–71). The AC's opinion shows adequate consideration of Ms. Faulcon's educational records, and the AC's conclusion is supported by substantial evidence. As a result, remand is unwarranted.

Second, Ms. Faulcon contends that the ALJ erred by failing to resolve conflicting medical evidence, specifically the IQ score of 74 ascertained by Dr. Anderson in 2003 and the IQ score of 69 ascertained by Dr. Igneizi-Ferraro in 2007. (Pl. Br. 6-7). Again, the AC's decision constitutes the final, reviewable decision of the agency. 20 C.F.R. §§ 404.984(b)(3); 416.1484(b)(3). However, the ALJ need not, and did not, credit any particular IQ score. Instead,

*Kim A. Faulcon v. Commissioner, Social Security Administration*
Civil No. SAG-11-2911
March 18, 2013
Page 3

the ALJ concluded, after citing relevant evidence, that Ms. Faulcon's functioning suggested an IQ in excess of 69. (Tr. 18). The two IQ scores, then, do not present an "unresolved conflict" requiring resolution. (Pl. Br. 7). Moreover, the AC considered the two scores as well and found that, "the record as a whole demonstrates that the claimant functioned at a higher level than indicated by the one FSIQ score." (Tr. 18).

Ms. Faulcon also suggests that Drs. Anderson and Igneizi-Ferraro suggested mental limitations that would preclude her ability to work. (Pl. Br. 7-8). The AC expressly found that "[t]he record as a whole does not support the conclusions of these two doctors." (Tr. 18). Moreover, despite the reports of Drs. Anderson and Igneizi-Ferraro, both the ALJ and the AC cited to ample evidence supporting Ms. Faulcon's ability to work, including her ability to live alone, (Tr. 37); her stability on Lexapro, (Tr. 38); her recent GAF score of 65, *id.;* her lack of hospitalization relating to mental impairments, *id.*; the consultative examination of Dr. Harkani, (Tr. 19); and treatment records from the Lower Shore Clinic and Community Services, (Tr. 18). The record therefore contains substantial evidence supporting the AC's conclusions.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 28) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

> Sincerely yours,
>
> /s/
>
> Stephanie A. Gallagher
> United States Magistrate Judge